1
2
3
4
5
6
7
8

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10   In re                                          Case No. 21-11757-CMA

11   MARK CONRAD WOLF,

12         Debtor.

13   _____

14   EDMUND J. WOOD, solely in his capacity as       Adversary Proceeding No. _____
     Chapter 7 Trustee for MARK CONRAD
15   WOLF,                                           COMPLAINT FOR (1) DECLARATORY
                                                     JUDGMENT, (2) JUDGMENT
16         Plaintiff.                                AVOIDING AND PRESERVING AND
                                                     RECOVERING IRS LIENS SECURING
17   vs.                                             NON-PECUNIARY TAX PENALTIES
                                                     AND INTEREST ON PENALTIES, AND
18   MARK CONRAD WOLF; the STATE OF                  (3) RELATED RELIEF
     WASHINGTON; the INTERNAL
19   REVENUE SERVICE; BANK OF
     AMERICA, N.A.; LARRY A. JOHNSON;
20   WASHINGTON STATE DEBT
     ACQUISITION LLC, a Washington limited
21   liability company, as successor-in-interest to
     FD 2011-C1 HOOD RETAIL, LLC, an
22   Oregon limited liability company; and
     RENTON COLLECTIONS, INC., a
23   Washington corporation,

24         Defendants.

25   _____

26

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 1

GROSHONG LAW PLLC
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

1    Plaintiff Edmund J. Wood, solely in his capacity as the Chapter 7 trustee for the

2    bankruptcy estate of Mark Conrad Wolf, on his own knowledge or on information and belief,

3    alleges as follows.

4                              **I.      INTRODUCTION**

5                This complaint concerns the Debtor's improved real property commonly known

6    as 4032 138th Avenue SE, Bellevue, Washington 98006.  The Debtor claims a homestead

7    exemption in the Bellevue Residence (defined in paragraph 9 below) under the recently amended

8    Washington homestead act, RCW 6.13 *et. Seq.* (the "Homestead Act")*.*  Under a recent

9    amendment, RCW 6.13.070(2) provides that in a bankruptcy case, if the requirements are

10   otherwise met, a debtor's "right to possession and interests of no monetary value" in the

11   homestead property are exempt.  This complaint asks the court to determine whether the

12   Bellevue Residence is property of the estate under 11 U.S.C. § 541, notwithstanding the

13   amendments to the Homestead Act, particularly where, as here, there are IRS liens that secure

14   significant liens for penalties and interest on penalties that may be avoided pursuant to

15   11 U.S.C. § 724(a) and recovered and preserved for the estate and its creditors pursuant to

16   11 U.S.C. §§ 550 and 551.  This complaint seeks the resolution of certain related matters, so that

17   if the requested relief is granted, the Trustee can market and sell the Bellevue Residence for the

18   benefit of the unsecured creditors of the estate.

19               Specifically, the Trustee seeks determination of the following:

20               1.      That the Bellevue Residence is property of the estate under 11 U.S.C. §

21   541, notwithstanding recent amendments to RCW 6.13 *et seq.*

22               2.      Alternatively, that the Homestead Act as amended is void and

23   unenforceable by reason of Article VI, paragraph 2 of the United States Constitution (the

24   "Supremacy Clause") to the extent it would deprive the Trustee of his rights to administer the

25   Bellevue Residence and to avoid, recover, and preserve the IRS Liens (defined in paragraph 16.4

26

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 2

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

Case 22-01003-CMA    Doc 1    Filed 02/18/22    Ent. 02/18/22 18:09:20    Pg. 2 of 14

below) as to penalties and interest on penalties for the benefit of the estate and the Debtor's unsecured creditors pursuant to 11 U.S.C. § 724(a) and 11 U.S.C. §§ 550 and 551.

3.      The nature and amount of the Debtor's homestead exemption.

4.      The extent, validity, and priority of liens and interests in the Bellevue Residence, including the priority and amount of the IRS Liens for penalties and interest on penalties.

5.      Judgment that the Trustee may avoid the IRS Liens as to penalties and interest on penalties pursuant to 11 U.S.C. § 724(a) with the avoided liens recovered for the benefit of the estate under 11 U.S.C. § 550.

6.      Judgment that the Trustee may avoid the IRS Liens as to penalties and interest on penalties pursuant to 11 U.S.C. § 724(a) with the avoided liens preserved for the benefit of the estate under 11 U.S.C. § 551.

7.      Judgment that the disbursement of proceeds attributable to the IRS Liens, other than those proceeds from liens avoided under 11 U.S.C. § 724(a) and recovered and preserved under 11 U.S.C. §§ 550 and 551, shall be made pursuant to 11 U.S.C. §724(b).

## II.    PARTIES

1.      <u>Plaintiff</u>. Edmund J. Wood, solely in his capacity as the Chapter 7 trustee for the bankruptcy estate of Mark Conrad Wolf ("Wood" or "Trustee"), is the plaintiff in this adversary proceeding.

2.      <u>Defendants</u>.

2.1    Mark Conrad Wolf ("Wolf" or "Debtor") is the debtor in the chapter 7 bankruptcy filed September 20, 2021, in the United States Bankruptcy Court for the Western District of Washington, at Seattle, under case number 21-11757-CMA.

2.2    The State of Washington.

2.3    The Internal Revenue Service ("IRS") is the tax collection agency for the United States of America and administers the Internal Revenue Code enacted by Congress.

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 3

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 22-01003-CMA   Doc 1   Filed 02/18/22   Ent. 02/18/22 18:09:20   Pg. 3 of 14

2.4    Bank of America, N.A. ("B of A") is a National Association organized and existing under the laws of the United States of America, with an address of 100 North Tryon Street, Charlotte, North Carolina, 28255.

2.5    Larry A. Johnson, on information and belief, is an individual residing in the State of California.

2.6    Washington State Debt Acquisition, LLC is a Washington limited liability company. It is assignee of a judgment in favor of FD 2011-C1 Hood Retail, LLC, an Oregon limited liability company that was dissolved on January 15, 2019. On February 4, 2013, a General Judgment for Foreclosure of Real and Personal Property and Money Award in favor of FD 2011-C1 Hood Retail, LLC was entered in case number 11C25243 in the Circuit Court of the State of Oregon for Marion County. On May 20, 2013, the Judgment was domesticated in Washington in King County Superior Court under case number 13-2-20260-3 SEA. The Judgment was last assigned to Washington State Debt Acquisition, LLC on June 25, 2021, and the Assignment of Judgment was filed with King County Superior Court on July 1, 2021 and recorded in King County on July 23, 2021.

2.7    Renton Collections, Inc., is a Washington for-profit corporation located in Renton, Washington.

## III.    JURISDICTION; VENUE

3.    Jurisdiction to consider this complaint arises under 28 U.S.C. §§ 157(a) and (b), 1334(a) and (b). This is a core matter under 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

4.    This matter has been referred to the Bankruptcy Judges of this District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington.

5.    Venue is proper in this district under 28 U.S.C. § 1409(a).

6.    This adversary proceeding is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001(2), (7) and (9)

7.    Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

## IV.    FACTUAL BACKGROUND

8.    The underlying case (the "Bankruptcy") was commenced when Wolf filed his voluntary Chapter 7 bankruptcy petition on September 20, 2021 (the "Petition Date"). Wood

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 4

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 22-01003-CMA    Doc 1    Filed 02/18/22    Ent. 02/18/22 18:09:20    Pg. 4 of 14

1   was appointed as the Chapter 7 trustee for Wolf on the Petition Date and has acted in that

2   capacity since then.

3           9.      Among the assets of the estate is a parcel of improved real property legally

4   described as

5   A PORTION OF THE NORTHEAST QUARTER OF THE NORTHWEST
    QUARTER OF SECTION 15, TOWNSHIP 24 NORTH, RANGE 5 EAST,
6   W.M., IN KING COUNTY, WASHINGTON, DESCRIBED AS FOLLOWS:

7   COMMENCING AT THE NORTHWEST CORNER OF LOT 14 OF EAST
    VIEW HOMES ADDITION, ACCORDING TO PLAT RECORDED IN
8   VOLUME 53 OF PLATS, AT PAGE(S) 39, IN KING COUNTY,
    WASHINGTON;

9
    THENCE SOUTH 00°26'00" WEST ALONG THE WEST LINE OF SAID
10  PLAT 150 FEET;

11  THENCE NORTH 88°47'53" WEST 130.33 FEET;

12  THENCE SOUTH 00°24'18" WEST 146 FEET TO THE TRUE POINT OF
    BEGINNING;
13
    THENCE NORTH 88°47'53" WEST 160.28 FEET, MORE OR LESS, TO THE
14  EASTERLY MARGIN OF 138TH AVENUE SOUTHEAST;

15  THENCE SOUTHERLY ALONG SAID EASTERLY MARGIN 74.23 FEET;

16  THENCE SOUTH 89°37'25" EAST 160.24 FEET, MORE OR LESS, TO A
    POINT WHICH BEARS SOUTH 0°24'18" WEST AND DISTANT 72.40 FEET
17  FROM THE TRUE POINT OF BEGINNING;

18  THENCE NORTH 0°24'18" WEST AND DISTANT 72.40 FEET FROM THE
    TRUE POINT OF BEGINNING;
19
    THENCE NORTH 0°24'18" EAST 72.40 FEET TO THE TRUE POINT OF
20  BEGINNING.

21  SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

22  and commonly known as 4032 138th Avenue SE, Bellevue, Washington 98006 (the "Bellevue

23  Residence").

24          10.     As of October 1, 2021, title to the Bellevue Residence was vested in Mark

25  C. Wolf, as his separate estate.

26

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 5

GROSHONG LAW PLLC
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

1           11.     The Debtor scheduled the value of the Bellevue Residence as $800,000.

2  Bankruptcy Dkt. # 1, at 11.  For the tax year 2022, King County appraised the value of the

3  Bellevue Residence as $784,000, comprised of $645,000 for the land and $139,000 for the

4  improvements.  Wood's real estate agent, Chad Tharp, viewed the Bellevue Residence and

5  estimated its fair market value as $1,395,000.  Declaration of Chad Tharp, ¶ 3.

6           12.     Debtor claimed $729,600 of his interest in the Bellevue Residence as

7  exempt under RCW 6.13.010, 6.13.020, and 6.13.030.  Bankruptcy Dkt. # 1, at 17.

8           13.     In 2021, the state of Washington made changes to its Homestead Act,

9  RCW 6.13 *et seq.*, finding that the changes "are necessary to modernize the law and to address

10  the case of *Wilson v. Rigby*, 909 F.3d 306 (2018) and to adopt the reasoning in *In re Good*,

11  588 B.R. 573 (Bankr. W.D. Wash 2018)."  RCW 6.13.010, Notes: Findings-2021 c 290.

12           14.     Under RCW 6.13.030, as amended, the homestead exemption amount is

13  the greater of $125,000 or the county's median sale price of a single-family home in the

14  preceding calendar year, using data from the Washington Center for Real Estate Research.  In

15  King County, the annual median home price for 2020 was $729,600

16  [https://wcrer.be.uw.edu/archived-reports/].

17           15.     RCW 6.13.070(2) now provides as follows:

18
19
20
21
22

> In a bankruptcy case, the debtor's exemption shall be determined on the date the bankruptcy petition is filed. If the value of the debtor's interest in homestead property on the petition date is less than or equal to the amount that can be exempted under RCW 6.13.030, then the debtor's entire interest in the property, including the debtor's right to possession and interests of no monetary value, is exempt. Any appreciation in the value of the debtor's exempt interest in the property during the bankruptcy case is also exempt, even if in excess of the amounts in RCW 6.13.030(1).

23           16.     The Bellevue Residence is encumbered by various liens, approximately as

24  follows, with the total of stated lien amounts greatly exceeding the estimated fair market value,

25  as more particularly described in the Title Commitment:

26

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 6

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

Case 22-01003-CMA    Doc 1    Filed 02/18/22    Ent. 02/18/22 18:09:20    Pg. 6 of 14

16.1    Lien of Real Estate Excise Tax and other taxes upon sale of said premises, or transfer of a controlling interest, if unpaid;

16.2    Deed of Trust in the principal amount of $207,433, granted by Mark C. Wolf, as his sole and separate property, to Bank of America, N.A., dated October 20, 2010, and recorded October 27, 2010, under King County Recording Number 20101027000717 (the "B of A DOT");

16.3    Deed of Trust in the principal amount of $106,000, granted by Mark C. Wolf to Larry A. Johnson, dated March 18, 2011, and recorded March 25, 2011, under King County Recording Number 20110325000511 (the "Johnson DOT");

16.4    Tax liens securing obligations to the IRS in the total amount of $1,433,444.16, including liens for non-pecuniary penalties and interest on penalties in the total amount of $440,966.53, as of the Petition Date (collectively, the "IRS Liens"), as follows:

     16.4.1   Tax lien in favor of the United States of America in the original amount of $99,363.50[1], dated December 19, 2014, and recorded December 29, 2014, under King County Recording Number 20141229000570 (the "2014 IRS Lien");

     16.4.2   Tax lien in favor of the United States of America in the original amount of $29,015.97[2], dated February 28, 2019, and recorded March 12, 2019, under King County Recording Number 20190312000844; ("2019 IRS Lien");

     16.4.3   Tax lien in favor of the United States of America in the original amount of $1,196,932.52[3], dated December 24, 2019, and recorded January 7, 2020, under King County Recording Number 20200107000610 ("2020 IRS Lien"); and

     16.4.4   Tax lien in favor of the United States of America in the original amount of $46,457.35[4], dated March 9, 2021, and recorded March 19, 2021, under King County Recording Number 20210319000694 (the "IRS 2021 Lien").

---

[1] As of the Petition Date, the 2014 IRS Lien secured a claim in the total amount of $68,379.85, of which $27,856.02 was for penalties and interest on penalties within the definition of 11 U.S.C. §§ 724(a) and 726(a)(4).

[2] As of the Petition Date, the 2019 IRS Lien secured a claim in the total amount of $37,775.07, of which $11,104.88 was for penalties and interest on penalties within the definition of 11 U.S.C. §§ 724(a) and 726(a)(4).

[3] As of the Petition Date, the 2020 IRS Lien secured a claim in the total amount of $1,279,513.49, of which approximately $387,367.63 was for penalties and interest on penalties within the definition of 11 U.S.C. §§ 724(a) and 726(a)(4).

[4] As of the Petition Date, the IRS 2021 Lien secured a claim in the total amount of $47,775.75 of which $14,638.00 was for penalties and interest on penalties within the definition of 11 U.S.C. §§ 724(a) and 726(a)(4).

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 7

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 22-01003-CMA    Doc 1    Filed 02/18/22    Ent. 02/18/22 18:09:20    Pg. 7 of 14

1   16.5    Judgment against Mark C. Wolf and Ryan D. Lentz, jointly and severally,
            originally entered in the Circuit County of the State of Oregon for Marion
2           County, under case number 11C25243, in the total amount of
            $3,396,667.95 plus attorneys' fees and costs, and domesticated May 20,
3           2013, in King County Superior Court under case number 13-2-20260-3
            SEA, in favor of FD 2011-C1 Hood Retail, LLC, last assigned to
4           Washington State Debt Acquisition LLC and recorded July 23, 2021,
            under King County Recording Number 20210723002395.and
5           20200218001586; and

6   16.6    Judgment against Mark Wolf individually and in favor of Renton
            Collections, Inc., in the original amount of $2,401.40, entered in King
7           County District Court on May 6, 2014, and transcribed to King County
            Superior Court under case number 15-2-15743-4 SEA on June 30, 2015,
8           in the total amount of $2,774.40.

9                               **V.    LEGAL AUTHORITY**

10          17.    11 U.S.C. § 541(a) provides that

11  The commencement of a case under section 301 302, or 303 of this title creates an
    estate. Such estate is comprised of all the following property, wherever located
12  and by whomever held:

13          (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or
            equitable interests of the debtor in property as of the commencement of the
14          case.

15          …

16          (3) Any interest in property that the trustee recovers under 329(b), 363(n),
            543, 550, 553, or 723 of this title.
17
            (4) Any interest in property preserved for the benefit of or ordered transferred
18          to the estate under section 510(c) or 551 of this title.

19          …

20          (7) Any interest in property that the estate acquires after the commencement
            of the case.
21

22          18.    11 U.S.C. § 724(a) provides that "[t]he trustee may avoid a lien that

23  secures a claim of a kind specified in section 726(a)(4) of this title."

24  ///

25  ///

26  ///

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 8

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

19.     11 U.S.C. § 726(a)(4) provides that:

Except as provided in section 510 of this title, property of the estate shall be distributed—

…

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim;

20.     11 U.S.C. § 550(a) provides that

Except as otherwise provided in this section, to the extent that a transfer is avoided under section … 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

21.     11 U.S.C. § 551 provides that "[a]ny transfer avoided under section … 724(a) of this title … is preserved for the benefit of the estate but only with respect to property of the estate."

22.     11 U.S.C. § 724(b) governs the order of distribution of property and the proceeds of property subject to a lien that secures an allowed claim for a tax that is not avoidable "under this title" and in which the estate has an interest.

23.     11 U.S.C. § 522(c)(2)(B) provides that a debtor may not avoid a properly filed tax lien.

24.     Article VI, Paragraph 2 of the United States Constitution, commonly referred to as the "Supremacy Clause," provides that

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 9

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 22-01003-CMA    Doc 1    Filed 02/18/22    Ent. 02/18/22 18:09:20    Pg. 9 of 14

1        25.     Article I, Section 8, of the United States Constitution, commonly referred

2  to as the "Uniformity Clause," states in part that "[t]he Congress shall have Power … To

3  establish … uniform Laws on the subject of Bankruptcies throughout the United States."

4                 **VI.    FIRST CAUSE OF ACTION**

5  A.   <u>For declaratory judgment determining that the Bellevue Residence is an asset of the
6  estate under 11 U.S.C. § 541</u>

7        26.     Plaintiff repeats and realleges paragraphs 1 through 25 above.

8        27.     Under 11 U.S.C. § 541(a)(1), the property of the estate includes all legal

9  or equitable interest of the Debtor in property as of the Petition Date.

10        28.     Under 11 U.S.C. § 541(a)(3), property of the estate includes any interest in

11  property that the Trustee recovers under section 550.

12        29.     Under 11 U.S.C. § 541(a)(4), property of the estate also includes "[a]ny

13  interest in property preserved for the benefit of or ordered transferred to the estate under

14  section…551 of this title."

15        30.     The IRS Liens described in paragraph 16 above may be avoided to the

16  extent they are liens for tax penalties and interest on penalties.  11 U.S.C. § 724(a) and

17  11 U.S.C. 726(a)(4).  Such avoided liens are automatically preserved for the benefit of the estate

18  under 11 U.S.C. § 551 and may further be recovered by the trustee under 11 U.S.C. § 550.

19        31     The Homestead Act, as amended, including RCW 6.13.070(2), as

20  amended, does not change the application of 11 U.S.C. § 541(a) to the Bellevue Residence.  The

21  Bellevue Residence is property of the estate.

22        32.     Alternatively, property of the estate includes the liens described in

23  paragraph 16 above that are avoided under 11 U.S.C. § 724(a) and recovered under

24  11 U.S.C. § 550, as provided by 11 U.S.C. § 541(a)(3).

25

26

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 10

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

Case 22-01003-CMA   Doc 1   Filed 02/18/22   Ent. 02/18/22 18:09:20   Pg. 10 of 14

1     33.     Alternatively, property of the estate includes the liens described in

2 paragraph 16 above that are avoided under 11 U.S.C. § 724(a) and preserved under

3 11 U.S.C. § 551, as provided by 11 U.S.C. § 541(a)(4).

4                    **VII.     SECOND CAUSE OF ACTION**

5 A.     <u>For declaratory judgment determining that to the extent RCW 6.13.070, as amended,</u>
       <u>violates the Supremacy Clause, it is void to that extent</u>
6

7     34.     Plaintiff repeats and realleges paragraphs 1 through 33 above.

8     35.     11 U.S.C. § 724(a) and 11 U.S.C. §§ 550 and 551 together embody the

9 latest iteration of a clear and long-standing federal policy that creditors should not suffer from

10 non-pecuniary tax penalties or interest on tax penalties in a debtor's bankruptcy.

11     36.     To the extent that RCW 6.13.070(2), as amended, would prevent the

12 Trustee from using 11 U.S.C. §§ 724 and 551 for the benefit of the estate and its creditors, it

13 violates that long-standing federal policy, and is void and unenforceable by reason of the

14 Supremacy Clause. *See United States v. Rodgers*, 461 U.S. 677, 701 (1983) (the Supremacy

15 Clause of the Constitution renders state homestead exemptions ineffective against a federal tax

16 lien).

17                    **VIII.   THIRD CAUSE OF ACTION**

18 A.     <u>For declaratory judgment determining that to the extent RCW 6.13.070, as amended,</u>
       <u>prevents the Bellevue Residence from being an asset of the estate it violates the</u>
19     <u>Uniformity Clause and is void to that extent</u>

20     37.     Plaintiff repeats and realleges paragraphs 1 through 36 above.

21     38.     To the extent that the amendments to the Washington Homestead Act,

22 including RCW 6.13.070(2), as amended, would prevent the Trustee from using

23 11 U.S.C. §§ 724(a), 550 and 551 for the benefit of the estate and its creditors, it violates the

24 Uniformity Clause because it would result in disuniform applications of federal policy among the

25 several states, and is void and unenforceable.

26

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 11

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

Case 22-01003-CMA    Doc 1    Filed 02/18/22    Ent. 02/18/22 18:09:20    Pg. 11 of 14

## IX.    FOURTH CAUSE OF ACTION

A.    <u>For declaratory judgment determining the extent, validity, and priority of liens against the Bellevue Residence</u>

39.    Plaintiff repeats and realleges paragraphs 1 through 38 above.

40.    Plaintiff requests that the court determine the extent, validity and priority of liens against the Bellevue Residence.

## X.    FIFTH CAUSE OF ACTION

A.    <u>For judgment avoiding the IRS Liens for tax penalties and interest on tax penalties under 11 U.S.C. § 724(a) and recovering the avoided IRS Liens or their value for the benefit of the estate under 11 U.S.C. § 550</u>

41.    Plaintiff repeats and realleges paragraphs 1 through 40 above.

42.    Plaintiff is entitled to an order avoiding the IRS Liens to the extent they secure nonpecuniary penalties and interest on penalties under 11 U.S.C. § 724(a).

43.    To the extent the IRS Liens against the Bellevue Residence are avoided pursuant to 11 U.S.C. § 724(a), Plaintiff is entitled to an order recovering the avoided IRS Liens or their value for the benefit of the estate and its creditors pursuant to 11 U.S.C § 550 and 11 U.S.C. § 541(a)(3).

## XI.    SIXTH CAUSE OF ACTION

A.    <u>For judgment avoiding the IRS Liens for tax penalties and interest on tax penalties under 11 U.S.C. § 724(a) and preserving the avoided IRS Liens for the benefit of the estate under 11 U.S.C § 551</u>

44.    Plaintiff repeats and realleges paragraphs 1 through 43 above.

45.    Plaintiff is entitled to an order avoiding the IRS Liens to the extent they secure nonpecuniary penalties and interest on penalties under 11 U.S.C. § 724(a).

46.    To the extent the IRS Liens against the Bellevue Residence are avoided pursuant to 11 U.S.C. § 724(a), the avoided IRS Liens should be preserved for the benefit of the estate and its creditors pursuant to 11 U.S.C. §§ 551 and 541(a)(4).

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 12

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

Case 22-01003-CMA    Doc 1    Filed 02/18/22    Ent. 02/18/22 18:09:20    Pg. 12 of 14

## XII. SEVENTH CAUSE OF ACTION

A. <u>For judgment that on sale of the Bellevue Residence, the proceeds of sale subject to the non-avoidable portions of the IRS Liens should be disbursed pursuant to 11 U.S.C. § 724(b)</u>

47. Plaintiff repeats and realleges paragraph 1 through 46 above.

48. On the Trustee's sale of the Bellevue Residence, the proceeds of sale subject to the non-avoidable portions of the IRS Liens should be disbursed pursuant to 11 U.S.C. § 724(b).

## XIII. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. Determining that the Bellevue Residence is an asset of the estate under 11 U.S.C. §§ 541(a)(1), (3), and (4).

2. Determining that to the extent the Washington Homestead Act, as amended, including but not limited to RCW 6.13.070(2), as amended, would prevent the Bellevue Residence from being an asset of the estate so that the Trustee could avoid, recover, and preserve the IRS Liens for non-pecuniary penalties and interest on penalties for the benefit of the estate and its creditors, it violates the Supremacy Clause of the United States Constitution, Article VI, paragraph 2, and is void and unenforceable to that extent.

3 Determining that to the extent the Washington Homestead Act, as amended, including but not limited to RCW 6.13.070(2), as amended, would prevent the Bellevue Residence from being an asset of the estate so that the Trustee could avoid, recover, and preserve the IRS Liens for non-pecuniary penalties and interest on penalties for the benefit of the estate and its creditors, it violates the Uniformity Clause of the United States Constitution, Article I, Section 8, and is void and unenforceable to that extent.

4. Determining the extent, validity and priority of liens against the Bellevue Residence.

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 13

**GROSHONG LAW PLLC**
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101

Case 22-01003-CMA    Doc 1    Filed 02/18/22    Ent. 02/18/22 18:09:20    Pg. 13 of 14

1    5.    Avoiding the IRS Liens for non-pecuniary tax penalties and interest on

2  penalties under 11 U.S.C. § 724(a) and allowing the Plaintiff to recover the avoided liens or their

3  value from the IRS for the benefit of the estate and its creditors pursuant to 11 U.S.C. §§ 550 and

4  541(a)(3).

5    6.    Avoiding the IRS Liens for non-pecuniary tax penalties and interest on

6  penalties under 11 U.S.C.§ 724(a) and automatically preserving the avoided liens pursuant to

7  11 U.S.C. §§ 551 and 541(a)(4).

8    7.    Ordering that on sale of the Bellevue Residence, disbursement of proceeds

9  attributable to the IRS Liens, other than those proceeds from liens avoided under

10  11 U.S.C. § 724(a) and recovered and preserved under 11 U.S.C. §§ 550 and 551, shall be made

11  pursuant to 11 U.S.C. §724(b).

12    DATED this 19th day of February, 2022.

13    GROSHONG LAW PLLC

14

15    /s/ Geoffrey Groshong
      _____
16    Geoffrey Groshong
      WSB No. 6124

17    Attorneys for Edmund J. Wood
      Plaintiff / Trustee
18

19

20

21

22

23

24

25

26

COMPLAINT FOR (1) DECLARATORY JUDGMENT, (2) JUDGMENT
AVOIDING AND PRESERVING … AND (3) RELATED RELIEF - 14

GROSHONG LAW PLLC
T: 206.508.0585
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON  98101

Case 22-01003-CMA    Doc 1    Filed 02/18/22    Ent. 02/18/22 18:09:20    Pg. 14 of 14