Honorable Christopher M. Alston
Chapter 7

1
2
3
4
5
6
7
8
9
10

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

11
12
13
14
15

In re:

MARK CONRAD WOLF,

     Debtor.

Chapter 7
Case No. 21-11757-CMA

Adv. No. 22-01003-CMA

**ANSWER OF THE UNITED STATES**

16
17
18
19
20
21
22
23
24
25
26
27

EDMUND J. WOOD, solely in his capacity as
Chapter 7 Trustee for MARK CONRAD WOLF,

     Plaintiff.

v.

MARK CONRAD WOLF; the STATE OF
WASHINGTON; the INTERNAL REVENUE
SERVICE; BANK OF AMERICA, N.A.;
LARRY A. JOHNSON; WASHINGTON
STATE DEBT ACQUISITION LLC, a
Washington limited liability company, as
successor-in-interest to FD 2011-C1 HOOD
RETAIL, LLC, an Oregon limited liability
company; and RENTON COLLECTIONS, INC.,
a Washington corporation,

     Defendants.

28

1

The United States hereby responds to Chapter 7 Trustee Edmund J. Wood's (the "Trustee") Adversary Complaint. (Dkt. 1). To the extent not specifically admitted below, the allegations should be deemed denied. For the convenience of the parties and the Court, the United States has reprinted portions of the Complaint below, including the Complaint's specific allegations and various headings, in italics.

## I.    INTRODUCTION

*This complaint concerns the Debtor's improved real property commonly known as 4032 138th Avenue SE, Bellevue, Washington 98006.  The Debtor claims a homestead exemption in the Bellevue Residence (defined in paragraph 9 below) under the recently amended Washington homestead act, RCW 6.13 et. Seq. (the "Homestead Act").  Under a recent amendment, RCW 6.13.070(2) provides that in a bankruptcy case, if the requirements are otherwise met, a debtor's "right to possession and interests of no monetary value" in the homestead property are exempt.  This complaint asks the court to determine whether the Bellevue Residence is property of the estate under 11 U.S.C. § 541, notwithstanding the amendments to the Homestead Act, particularly where, as here, there are IRS liens that secure significant liens for penalties and interest on penalties that may be avoided pursuant to 11 U.S.C. § 724(a) and recovered and preserved for the estate and its creditors pursuant to 11 U.S.C. §§ 550 and 551.  This complaint seeks the resolution of certain related matters, so that if the requested relief is granted, the Trustee can market and sell the Bellevue Residence for the benefit of the unsecured creditors of the estate.*

*Specifically, the Trustee seeks determination of the following:*

*1.    That the Bellevue Residence is property of the estate under 11 U.S.C. § 541, notwithstanding recent amendments to RCW 6.13 et seq.*

*2.    Alternatively, that the Homestead Act as amended is void and unenforceable by reason of Article VI, paragraph 2 of the United States Constitution (the "Supremacy Clause") to the extent it would deprive the Trustee of his rights to administer the Bellevue Residence and to avoid, recover, and preserve the IRS Liens (defined in paragraph 16.4 below) as to penalties and interest on*

2

penalties for the benefit of the estate and the Debtor's unsecured creditors pursuant to 11 U.S.C. § 724(a) and 11 U.S.C. §§ 550 and 551.

   3.   The nature and amount of the Debtor's homestead exemption.

   4.   The extent, validity, and priority of liens and interests in the Bellevue Residence, including the priority and amount of the IRS Liens for penalties and interest on penalties.

   5.   Judgment that the Trustee may avoid the IRS Liens as to penalties and interest on penalties pursuant to 11 U.S.C. § 724(a) with the avoided liens recovered for the benefit of the estate under 11 U.S.C. § 550.

   6.   Judgment that the Trustee may avoid the IRS Liens as to penalties and interest on penalties pursuant to 11 U.S.C. § 724(a) with the avoided liens preserved for the benefit of the estate under 11 U.S.C. § 551.

   7.   Judgment that the disbursement of proceeds attributable to the IRS Liens, other than those proceeds from liens avoided under 11 U.S.C. § 724(a) and recovered and preserved under 11 U.S.C. §§ 550 and 551, shall be made pursuant to 11 U.S.C. §724(b).

   **Response:** The introduction to the complaint and subparagraphs 1 through 7 of the introduction to the complaint summarize the relief sought by the Trustee in this action. The United States has admitted or denied the specific allegations in the complaint below and reincorporates those admissions and denials here. To the extent the introduction to the complaint and subparagraphs 1-7 make allegations not included in the main body of the complaint, the United States DENIES them.

## II.   PARTIES

   1.   _Plaintiff._ Edmund J. Wood, solely in his capacity as the Chapter 7 trustee for the bankruptcy estate of Mark Conrad Wolf ("Wood" or "Trustee"), is the plaintiff in this adversary proceeding.

   **Response:** The United States ADMITS the allegations in paragraph 1.

   2.   _Defendants._

   2.1   Mark Conrad Wolf ("Wolf" or "Debtor") is the debtor in the chapter 7

3

*bankruptcy filed September 20, 2021, in the United States Bankruptcy Court for the Western District of Washington, at Seattle, under case number 21-11757-CMA.*

**Response:** The United States ADMITS the allegations in paragraph 2.1.

2.2    *The State of Washington.*

**Response:** The United States ADMITS the allegations in paragraph 2.2.

2.3    *The Internal Revenue Service ("IRS") is the tax collection agency for the United States of America and administers the Internal Revenue Code enacted by Congress.*

**Response:** The IRS is a bureau of the federal government, not an agency. With that clarification, the United States ADMITS the allegations in paragraph 2.3.

2.4    *Bank of America, N.A. ("B of A") is a National Association organized and existing under the laws of the United States of America, with an address of 100 North Tryon Street, Charlotte, North Carolina, 28255.*

**Response:** The United States ADMITS the allegations in paragraph 2.4.

2.5    *Larry A. Johnson, on information and belief, is an individual residing in the State of California*

**Response:** The United States ADMITS the allegations in paragraph 2.5.

2.6    *Washington State Debt Acquisition, LLC is a Washington limited liability company. It is assignee of a judgment in favor of FD 2011-C1 Hood Retail, LLC, an Oregon limited liability company that was dissolved on January 15, 2019. On February 4, 2013, a General Judgment for Foreclosure of Real and Personal Property and Money Award in favor of FD 2011-C1 Hood Retail, LLC was entered in case number 11C25243 in the Circuit Court of the State of Oregon for Marion County. On May 20, 2013, the Judgment was domesticated in Washington in King County Superior Court under case number 13-2-20260-3 SEA. The Judgment was last assigned to Washington State Debt Acquisition, LLC on June 25, 2021, and the Assignment of Judgment was filed with King County*

4

Superior Court on July 1, 2021 and recorded in King County on July 23, 2021.

**Response:** The United States ADMITS the allegations in paragraph 2.6.

2.7 *Renton Collections, Inc., is a Washington for-profit corporation located in Renton, Washington.*

**Response:** The United States ADMITS the allegations in paragraph 2.7.

### III. JURISDICTION; VENUE

3. *Jurisdiction to consider this complaint arises under 28 U.S.C. §§ 157(a) and (b), 1334(a) and (b). This is a core matter under 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).*

**Response:** The United States ADMITS the allegations in paragraph 3.

4. *This matter has been referred to the Bankruptcy Judges of this District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington.*

**Response:** The United States ADMITS the allegations in paragraph 4.

5. *Venue is proper in this district under 28 U.S.C. § 1409(a).*

**Response:** The United States ADMITS the allegations in paragraph 5.

6. *This adversary proceeding is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001(2), (7) and (9)*

**Response:** The United States ADMITS the allegations in paragraph 6.

7. *Plaintiff consents to entry of final orders or judgment by the bankruptcy court.*

**Response:** The United States ADMITS the allegations in paragraph 7.

### IV. FACTUAL BACKGROUND

8. *The underlying case (the "Bankruptcy") was commenced when Wolf filed his voluntary Chapter 7 bankruptcy petition on September 20, 2021 (the "Petition Date"). Wood was appointed as the Chapter 7 trustee for Wolf on the Petition Date and has acted in that capacity since then.*

**Response:** The United States ADMITS the allegations in paragraph 8.

9. *Among the assets of the estate is a parcel of improved real property legally described as*

*A PORTION OF THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 15, TOWNSHIP 24 NORTH, RANGE 5 EAST, W.M., IN KING COUNTY, WASHINGTON, DESCRIBED AS FOLLOWS:*

*COMMENCING AT THE NORTHWEST CORNER OF LOT 14 OF EAST VIEW HOMES ADDITION, ACCORDING TO PLAT RECORDED IN VOLUME 53 OF PLATS, AT PAGE(S) 39, IN KING COUNTY, WASHINGTON;*

*THENCE SOUTH 00°26'00" WEST ALONG THE WEST LINE OF SAID PLAT 150 FEET;*

*THENCE NORTH 88°47'53" WEST 130.33 FEET;*

*THENCE SOUTH 00°24'18" WEST 146 FEET TO THE TRUE POINT OF BEGINNING;*

*THENCE NORTH 88°47'53" WEST 160.28 FEET, MORE OR LESS, TO THE EASTERLY MARGIN OF 138TH AVENUE SOUTHEAST;*

*THENCE SOUTHERLY ALONG SAID EASTERLY MARGIN 74.23 FEET;*

*THENCE SOUTH 89°37'25" EAST 160.24 FEET, MORE OR LESS, TO A POINT WHICH BEARS SOUTH 0°24'18" WEST AND DISTANT 72.40 FEET FROM THE TRUE POINT OF BEGINNING;*

*THENCE NORTH 0°24'18" WEST AND DISTANT 72.40 FEET FROM THE TRUE POINT OF BEGINNING;*

*THENCE NORTH 0°24'18" EAST 72.40 FEET TO THE TRUE POINT OF BEGINNING.*

*SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.*

and commonly known as 4032 138th Avenue SE, Bellevue, Washington 98006 (the "Bellevue Residence").

**Response:** The United States ADMITS the allegations in paragraph 9.

10.     *As of October 1, 2021, title to the Bellevue Residence was vested in Mark C. Wolf, as his separate estate.*

**Response:** The United States DENIES the allegations in paragraph 10 to the

extent that the Bellevue Residence was exempt pursuant to 11 U.S.C. § 522 as of

the date of the Bankruptcy Petition.

11.     *The Debtor scheduled the value of the Bellevue Residence as $800,000. Bankruptcy Dkt. # 1, at 11.  For the tax year 2022, King County appraised the value of the Bellevue Residence as $784,000, comprised of $645,000 for the land and $139,000 for the improvements.*

6

*Wood's real estate agent, Chad Tharp, viewed the Bellevue Residence and estimated its fair market value as $1,395,000. Declaration of Chad Tharp, ¶ 3.*

**Response:** The United States ADMITS the allegations in paragraph 11.

*12. Debtor claimed $729,600 of his interest in the Bellevue Residence as exempt under RCW 6.13.010, 6.13.020, and 6.13.030. Bankruptcy Dkt. # 1, at 17.*

**Response:** The United States ADMITS the allegations in paragraph 12.

*13. In 2021, the state of Washington made changes to its Homestead Act, RCW 6.13 et seq., finding that the changes "are necessary to modernize the law and to address the case of Wilson v. Rigby, 909 F.3d 306 (2018) and to adopt the reasoning in In re Good, 588 B.R. 573 (Bankr. W.D. Wash 2018)." RCW 6.13.010, Notes: Findings-2021 c 290.*

**Response:** The United States ADMITS the allegations in paragraph 13.

*14. Under RCW 6.13.030, as amended, the homestead exemption amount is the greater of $125,000 or the county's median sale price of a single-family home in the preceding calendar year, using data from the Washington Center for Real Estate Research. In King County, the annual median home price for 2020 was $729,600 [https://wcrer.be.uw.edu/archived-reports/].*

**Response:** The United States ADMITS the allegations in paragraph 14 except that the United States was unable to verify that the annual median home price in King County for 2020 was $729,000 and therefore DENIES to that extent.

*15. RCW 6.13.070(2) now provides as follows:*

*In a bankruptcy case, the debtor's exemption shall be determined on the date the bankruptcy petition is filed. If the value of the debtor's interest in homestead property on the petition date is less than or equal to the amount that can be exempted under RCW 6.13.030, then the debtor's entire interest in the property, including the debtor's right to possession and interests of no monetary value, is exempt. Any appreciation in the value of the debtor's exempt interest in the property during the bankruptcy case is also exempt, even if in excess of the amounts in RCW 6.13.030(1).*

**Response:** The United States ADMITS the allegations in paragraph 13.

*16. The Bellevue Residence is encumbered by various liens, approximately as follows, with the total of stated lien amounts greatly exceeding the estimated fair market value, as more particularly described in the Title Commitment:*

*16.1 Lien of Real Estate Excise Tax and other taxes upon sale of said premises, or*

7

transfer of a controlling interest, if unpaid;

**Response:** The United States ADMITS the allegations in paragraph 16.1.

16.2  *Deed of Trust in the principal amount of $207,433, granted by Mark C. Wolf, as his sole and separate property, to Bank of America, N.A., dated October 20, 2010, and recorded October 27, 2010, under King County Recording Number 20101027000717 (the "B of A DOT");*

**Response:** The United States ADMITS the allegations in paragraph 16.2.

16.3  *Deed of Trust in the principal amount of $106,000, granted by Mark C. Wolf to Larry A. Johnson, dated March 18, 2011, and recorded March 25, 2011, under King County Recording Number 20110325000511 (the "Johnson DOT");*

**Response:** The United States ADMITS the allegations in paragraph 16.3.

16.4  *Tax liens securing obligations to the IRS in the total amount of $1,433,444.16, including liens for non-pecuniary penalties and interest on penalties in the total amount of $440,966.53, as of the Petition Date (collectively, the "IRS Liens"), as follows:*

16.4.1  *Tax lien in favor of the United States of America in the original amount of $99,363.50[1], dated December 19, 2014, and recorded December 29, 2014, under King County Recording Number 20141229000570 (the "2014 IRS Lien");*

**Response:** The United States ADMITS that the IRS recorded a Notice of Federal Tax Lien listing the information included in paragraph 16.4.1 The United States DENIES that the penalties and interest on penalties listed in the Notice of Federal Tax Lien described in paragraph 16.4.1 are avoidable pursuant to Section 724(a) for the reasons set forth in response to paragraph 30. As a point of clarification, the United States notes that a federal tax lien arises by operation of law and attaches to all of a taxpayer's property or interests

---

[1] As of the Petition Date, the 2014 IRS Lien secured a claim in the total amount of $68,379.85, of which $27,856.02 was for penalties and interest on penalties within the definition of 11 U.S.C. §§ 724(a) and 726(a)(4).

8

in property whether or not it is recorded, pursuant to 26 U.S.C. § 6321 and related law. A Notice of Federal Tax Lien, recorded pursuant to 26 U.S.C. § 6323(f), makes the lien imposed by § 6321 valid against certain creditors described in § 6323(a) subject to the exceptions set forth in § 6323(b).

16.4.2 *Tax lien in favor of the United States of America in the original amount of $29,015.97[2], dated February 28, 2019, and recorded March 12, 2019, under King County Recording Number 20190312000844; ("2019 IRS Lien");*

**Response:** The United States ADMITS that the IRS recorded a Notice of Federal Tax Lien listing the information included in paragraph 16.4.2 The United States DENIES that the penalties and interest on penalties listed in the Notice of Federal Tax Lien described in paragraph 16.4.1 are avoidable pursuant to Section 724(a) for the reasons set forth in response to paragraph 30. As a point of clarification, the United States notes that a federal tax lien arises by operation of law and attaches to all of a taxpayer's property or interests in property whether or not it is recorded, pursuant to 26 U.S.C. § 6321 and related law. A Notice of Federal Tax Lien, recorded pursuant to 26 U.S.C. § 6323(f), makes the lien imposed by § 6321 valid against certain creditors described in § 6323(a) subject to the exceptions set forth in § 6323(b).

16.4.3 *Tax lien in favor of the United States of America in the original amount of $1,196,932.52[3], dated December 24, 2019, and recorded January 7, 2020, under King County Recording Number 20200107000610 ("2020 IRS Lien"); and*

---

[2] As of the Petition Date, the 2019 IRS Lien secured a claim in the total amount of $37,775.07, of which $11,104.88 was for penalties and interest on penalties within the definition of 11 U.S.C. §§ 724(a) and 726(a)(4).

[3] As of the Petition Date, the 2020 IRS Lien secured a claim in the total amount of $1,279,513.49, of which approximately $387,367.63 was for penalties and interest on penalties within the definition of 11 U.S.C. §§ 724(a) and 726(a)(4).

9

**Response:** The United States ADMITS that the IRS recorded a Notice of Federal Tax Lien listing the information included in paragraph 16.4.3. The United States DENIES that the penalties and interest on penalties listed in the Notice of Federal Tax Lien described in paragraph 16.4.1 are avoidable pursuant to Section 724(a) for the reasons set forth in response to paragraph 30. t. As a point of clarification, the United States notes that a federal tax lien arises by operation of law and attaches to all of a taxpayer's property or interests in property whether or not it is recorded, pursuant to 26 U.S.C. § 6321 and related law. A Notice of Federal Tax Lien, recorded pursuant to 26 U.S.C. § 6323(f), makes the lien imposed by § 6321 valid against certain creditors described in § 6323(a) subject to the exceptions set forth in § 6323(b).

16.4.4 *Tax lien in favor of the United States of America in the original amount of $46,457.35[4], dated March 9, 2021, and recorded March 19, 2021, under King County Recording Number 20210319000694 (the "IRS 2021 Lien").*

**Response:** The United States ADMITS that the IRS recorded a Notice of Federal Tax Lien listing the information included in paragraph 16.4.4. The United States denies that the penalties and interest on penalties listed in the Notice of Federal Tax Lien described in paragraph 16.4.1 are avoidable pursuant to Section 724(a) for the reasons set forth in response to paragraph 30. As a point of clarification, the United States notes that a federal tax lien arises by operation of law and attaches to all of a taxpayer's property or interests in property whether or not it is recorded, pursuant to 26 U.S.C. § 6321 and related law. A Notice of Federal Tax Lien, recorded pursuant to 26 U.S.C. § 6323(f), makes the lien imposed by § 6321 valid against certain creditors described in § 6323(a) subject to the exceptions set forth in § 6323(b).

16.5 *Judgment against Mark C. Wolf and Ryan D. Lentz, jointly and severally,*

---

[4] As of the Petition Date, the IRS 2021 Lien secured a claim in the total amount of $47,775.75 of which $14,638.00 was for penalties and interest on penalties within the definition of 11 U.S.C. §§ 724(a) and 726(a)(4).

10

1        *originally entered in the Circuit County of the State of Oregon for Marion*

2        *County, under case number 11C25243, in the total amount of $3,396,667.95 plus*

3        *attorneys' fees and costs, and domesticated May 20, 2013, in King County*

4        *Superior Court under case number 13-2-20260-3 SEA, in favor of FD 2011-C1*

5        *Hood Retail, LLC, last assigned to Washington State Debt Acquisition LLC and*

6        *recorded July 23, 2021, under King County Recording Number*

7        *20210723002395.and 20200218001586; and*

8        **Response:** The United States DENIES the allegations in paragraph 16.5. The

9        Assignment of Judgment recorded with the King County Recorder's Office with

10      instrument number 20210723002395 reflects that the judgments entered in the

11      Circuit Court of the State of Oregon for Marion County, Case No. 11C25243 on

12      February 4, 2013, and March 21, 2013, and subsequently domesticated in the

13      King County Superior Court on May 20, 2013, have been assigned to Washington

14      State Debt Acquisition, LLC. The Assignment of Judgment recorded as

15      Instrument Number 202110723002395 states that the Judgment Debtors are

16      Resource Partners, LLC, a Washington limited liability company; Mark C. Wolf,

17      an individual; Ryan Lentz, an individual; and Foundation Bank, a Washington

18      state chartered bank. The Assignment of Judgment states that the Principal

19      Judgment Amount due as of 6/32/2021 is $975,936.90 and that the Accrued

20      Interest through 6/23/2021 is $993,750.29. The document recorded with the King

21      County Recorder's Office as Instrument Number 20200218001586 is an abstract

22      of judgment recorded in favor of First-Citizens Bank & Trust Company, as

23      successor in interest to the Federal Deposit Insurance against Joginder P Singh

24      and Jane Doe Singh.

25     *16.6*    *Judgment against Mark Wolf individually and in favor of Renton Collections, Inc.,*

26        *in the original amount of $2,401.40, entered in King County District Court on*

27        *May 6, 2014, and transcribed to King County Superior Court under case number*

28        *15-2-15743-4 SEA on June 30, 2015, in the total amount of $2,774.40.*

11

1    **Response:** The United States ADMITS the allegations in paragraph 16.6.

2                        **V.    *LEGAL AUTHORITY***

3         *17.      11 U.S.C. § 541(a) provides that*

4    *The commencement of a case under section 301 302, or 303 of this title creates an estate.*

5    *Such estate is comprised of all the following property, wherever located and by*

6    *whomever held:*

7         *(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or*

8         *equitable interests of the debtor in property as of the commencement of the case.*

9         *...*

10        *(3) Any interest in property that the trustee recovers under 329(b), 363(n), 543, 550,*

11        *553, or 723 of this title.*

12        *(4) Any interest in property preserved for the benefit of or ordered transferred to the*

13        *estate under section 510(c) or 551 of this title.*

14        *...*

15        *(7) Any interest in property that the estate acquires after the commencement of the*

16        *case.*

17        **Response:** The United States ADMITS the allegations in paragraph 17.

18        *18.      11 U.S.C. § 724(a) provides that "[t]he trustee may avoid a lien that secures a*

19   *claim of a kind specified in section 726(a)(4) of this title."*

20        **Response:** The United States ADMITS the allegations in paragraph 18.

21        *19.      11 U.S.C. § 726(a)(4) provides that:*

22   *Except as provided in section 510 of this title, property of the estate shall be distributed—*

23   *...*

24        *(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any*

25        *fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising*

26        *before the earlier of the order for relief or the appointment of a trustee, to the extent*

27        *that such fine, penalty, forfeiture, or damages are not compensation for actual*

28        *pecuniary loss suffered by the holder of such claim;*

12

**Response:** The United States ADMITS the allegations in paragraph 19.

      20.    *11 U.S.C. § 550(a) provides that*

*Except as otherwise provided in this section, to the extent that a transfer is avoided under section … 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—*

    *(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or*

    *(2) any immediate or mediate transferee of such initial transferee.*

**Response:** The United States ADMITS the allegations in paragraph 20.

      21.    *11 U.S.C. § 551 provides that "[a]ny transfer avoided under section … 724(a) of this title … is preserved for the benefit of the estate but only with respect to property of the estate."*

**Response:** The United States ADMITS the allegations in paragraph 21.

      22.    *11 U.S.C. § 724(b) governs the order of distribution of property and the proceeds of property subject to a lien that secures an allowed claim for a tax that is not avoidable "under this title" and in which the estate has an interest.*

**Response:** The United States ADMITS the allegations in paragraph 22.

      23.    *11 U.S.C. § 522(c)(2)(B) provides that a debtor may not avoid a properly filed tax lien.*

**Response:** The United States ADMITS the allegations in paragraph 23 to the extent that 11 U.S.C. § 522(c)(2)(B) provides that "unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except – (2) a debt secured by a lien that is – (B) a tax lien, notice of which is properly filed." Otherwise DENIES.

      24.    *Article VI, Paragraph 2 of the United States Constitution, commonly referred to as the "Supremacy Clause," provides that*

*This Constitution, and the Laws of the United States which shall be made in Pursuance*

*thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.*

**Response:** The United States ADMITS the allegations in paragraph 24.

 *25. Article I, Section 8, of the United States Constitution, commonly referred to as the "Uniformity Clause," states in part that "[t]he Congress shall have Power … To establish … uniform Laws on the subject of Bankruptcies throughout the United States."*

**Response:** The United States ADMITS the allegations in paragraph 25.

### VI.   *FIRST CAUSE OF ACTION*

A. *For declaratory judgment determining that the Bellevue Residence is an asset of the estate under 11 U.S.C. § 541*

 *26. Plaintiff repeats and realleges paragraphs 1 through 25 above.*

**Response:** The United States incorporates its admissions and denials to the allegations contained in the paragraphs above with the same force and effect as though set out at length herein.

 *27. Under 11 U.S.C. § 541(a)(1), the property of the estate includes all legal or equitable interest of the Debtor in property as of the Petition Date.*

**Response:** The United States DENIES the allegations of paragraph 27. Property of the estate does not include interests described in 11 U.S.C. §§ 541(b) and (c)(2), or property that has been properly exempted by the Debtor pursuant to 11 U.S.C. § 522.

 *28. Under 11 U.S.C. § 541(a)(3), property of the estate includes any interest in property that the Trustee recovers under section 550.*

**Response:** The United States ADMITS the allegations in paragraph 28.

 *29. Under 11 U.S.C. § 541(a)(4), property of the estate also includes "[a]ny interest in property preserved for the benefit of or ordered transferred to the estate under section…551 of this title."*

**Response:** The United States ADMITS the allegations in paragraph 29.

30.     The IRS Liens described in paragraph 16 above may be avoided to the extent they are liens for tax penalties and interest on penalties.  11 U.S.C. § 724(a) and 11 U.S.C. 726(a)(4).  Such avoided liens are automatically preserved for the benefit of the estate under 11 U.S.C. § 551 and may further be recovered by the trustee under 11 U.S.C. § 550.

**Response:** The United States DENIES the allegations in paragraph 30. Among other things, as a general matter, the IRS may apply involuntary payments such as those collected through legal proceedings, to taxes, interest, and penalties in the manner it determines is in its best interests. *See e.g., Salazar v. Commissioner*, 338 F. App'x 75, 78-79 (2d Cir. 2009). In this matter, the assessments secured by the Notices of Federal Tax Lien described in paragraph 16 are under-secured, and the IRS has chosen to allocate the taxes and interest secured by its Notices of Federal Tax Lien to its secured claim and allocate the associated penalties and interest on penalties to its unsecured claim. The Trustee has not shown why any proceeds of the sale of the Bellevue Residence should be allocated first to the penalties here. Moreover, the United States cannot determine if the trustee is proposing that all of the proceeds be used to pay administrative expenses, and, if so, if that amount is appropriate under the circumstances. Finally, to the extent the Bellevue Residence is exempt, it is not property of the estate and cannot be preserved for the benefit of the estate under 11 U.S.C. § 551.

31     The Homestead Act, as amended, including RCW 6.13.070(2), as amended, does not change the application of 11 U.S.C. § 541(a) to the Bellevue Residence.  The Bellevue Residence is property of the estate.

**Response:** The United States DENIES the allegations in paragraph 31 to the extent that 11 U.S.C. § 522(b)(1) provides in part that "notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property…(3)(A)…that is exempt under …State or local law."

32.     Alternatively, property of the estate includes the liens described in paragraph 16 above that are avoided under 11 U.S.C. § 724(a) and recovered under 11 U.S.C. § 550, as provided by 11 U.S.C. § 541(a)(3).

15

**Response:** The United States DENIES the allegations in paragraph 32 for the reasons set forth in response to paragraph 30.

33. Alternatively, property of the estate includes the liens described in paragraph 16 above that are avoided under 11 U.S.C. § 724(a) and preserved under 11 U.S.C. § 551, as provided by 11 U.S.C. § 541(a)(4).

**Response:** The United States DENIES the allegations in paragraph 33 for the reasons set forth in response to paragraph 30.

## VII. SECOND CAUSE OF ACTION

A. *For declaratory judgment determining that to the extent RCW 6.13.070, as amended, violates the Supremacy Clause, it is void to that extent*

34. Plaintiff repeats and realleges paragraphs 1 through 33 above.

**Response:** The United States incorporates its admissions and denials to the allegations contained in the paragraphs above with the same force and effect as though set out at length herein.

35. 11 U.S.C. § 724(a) and 11 U.S.C. §§ 550 and 551 together embody the latest iteration of a clear and long-standing federal policy that creditors should not suffer from non-pecuniary tax penalties or interest on tax penalties in a debtor's bankruptcy.

**Response:** The allegations in paragraph 35 do not require a response. To the extent a response is required, the United States DENIES.

36. To the extent that RCW 6.13.070(2), as amended, would prevent the Trustee from using 11 U.S.C. §§ 724 and 551 for the benefit of the estate and its creditors, it violates that long-standing federal policy, and is void and unenforceable by reason of the Supremacy Clause. See United States v. Rodgers, 461 U.S. 677, 701 (1983) (the Supremacy Clause of the Constitution renders state homestead exemptions ineffective against a federal tax lien).

**Response:** The United States DENIES the allegations in paragraph 36. The tax liens described in paragraph 16 encumber the Bellevue Property notwithstanding Debtor's claimed homestead exemption. See United States v. Rodgers, 461 U.S. 677, 701 (1983). However, the Bankruptcy Code specifically allows for property

16

to be exempted from the estate and remain subject to tax liens. 11 U.S.C.

§ 522(c)(2)(B) ("property exempted under [Section 522] is not liable during or

after the case for any debt" except for among other things a debt secured by "a tax

lien, notice of which is properly filed[.]").

## VIII.    *THIRD CAUSE OF ACTION*

A.    *For declaratory judgment determining that to the extent RCW 6.13.070, as amended, prevents the Bellevue Residence from being an asset of the estate it violates the Uniformity Clause and is void to that extent*

37.    *Plaintiff repeats and realleges paragraphs 1 through 36 above.*

**Response:** The United States incorporates its admissions and denials to the allegations contained in the paragraphs above with the same force and effect as though set out at length herein.

38.    *To the extent that the amendments to the Washington Homestead Act, including RCW 6.13.070(2), as amended, would prevent the Trustee from using 11 U.S.C. §§ 724(a), 550 and 551 for the benefit of the estate and its creditors, it violates the Uniformity Clause because it would result in disuniform applications of federal policy among the several states, and is void and unenforceable.*

**Response:** The United States DENIES the allegations in paragraph 38 because the Trustee has not shown that the alleged "disuniform application of federal policy among the several states" created by RCW 6.13.070(2) is different from that addressed and held constitutional in *Hanover Nat. Bank v. Moyses*, 186 U.S. 181 (1906).

## IX.    *FOURTH CAUSE OF ACTION*

A.    *For declaratory judgment determining the extent, validity, and priority of liens against the Bellevue Residence*

39.    *Plaintiff repeats and realleges paragraphs 1 through 38 above.*

**Response:** The United States incorporates its admissions and denials to the allegations contained in the paragraphs above with the same force and effect as though set out at length herein.

40.    *Plaintiff requests that the court determine the extent, validity and priority of liens*

17

*against the Bellevue Residence.*

      **Response:** Paragraph 40 does not make any allegations and no response is required. To the extent a response to paragraph 40 is required, the United States DENIES.

## X.    *FIFTH CAUSE OF ACTION*

A.   <u>*For judgment avoiding the IRS Liens for tax penalties and interest on tax penalties under 11 U.S.C. § 724(a) and recovering the avoided IRS Liens or their value for the benefit of the estate under 11 U.S.C. § 550*</u>

      *41.   Plaintiff repeats and realleges paragraphs 1 through 40 above.*

      **Response:** The United States incorporates its admissions and denials to the allegations contained in the paragraphs above with the same force and effect as though set out at length herein.

      *42.   Plaintiff is entitled to an order avoiding the IRS Liens to the extent they secure nonpecuniary penalties and interest on penalties under 11 U.S.C. § 724(a).*

      **Response:** The United States DENIES the allegations in paragraph 43 for the reasons set forth in response to paragraph 30.

      *43.   To the extent the IRS Liens against the Bellevue Residence are avoided pursuant to 11 U.S.C. § 724(a), Plaintiff is entitled to an order recovering the avoided IRS Liens or their value for the benefit of the estate and its creditors pursuant to 11 U.S.C § 550 and 11 U.S.C. § 541(a)(3).*

      **Response:** The United States DENIES the allegations in paragraph 43 for the reasons set forth in response to paragraph 30. Further, the United States lacks information regarding any "initial transferee" or "immediate or mediate transferee" within the meaning of 11 U.S.C. § 550 from whom property could be recovered for the benefit of the estate pursuant to Section 550.

## XI.    *SIXTH CAUSE OF ACTION*

A.    *For judgment avoiding the IRS Liens for tax penalties and interest on tax penalties under 11 U.S.C. § 724(a) and preserving the avoided IRS Liens for the benefit of the estate under 11 U.S.C § 551*

   *44.    Plaintiff repeats and realleges paragraphs 1 through 43 above.*

   **Response:** The United States incorporates its admissions and denials to the allegations contained in the paragraphs above with the same force and effect as though set out at length herein.

   *45.    Plaintiff is entitled to an order avoiding the IRS Liens to the extent they secure nonpecuniary penalties and interest on penalties under 11 U.S.C. § 724(a).*

   **Response:** The United States DENIES the allegations in paragraph 45 for the reasons set forth in response to paragraph 30.

   *46.    To the extent the IRS Liens against the Bellevue Residence are avoided pursuant to 11 U.S.C. § 724(a), the avoided IRS Liens should be preserved for the benefit of the estate and its creditors pursuant to 11 U.S.C. §§ 551 and 541(a)(4).*

   **Response:** The United States DENIES the allegations in paragraph 46 for the reasons set forth in response to paragraph 30. Further, the United States DENIES the allegations in paragraph 46 to the extent the Bellevue Property is exempt and not property of the Bankruptcy Estate.

## XII.    *SEVENTH CAUSE OF ACTION*

A.    *For judgment that on sale of the Bellevue Residence, the proceeds of sale subject to the non-avoidable portions of the IRS Liens should be disbursed pursuant to 11 U.S.C. § 724(b)*

   *47.    Plaintiff repeats and realleges paragraph 1 through 46 above.*

   **Response:** The United States incorporates its admissions and denials to the allegations contained in the paragraphs above with the same force and effect as though set out at length herein.

   *48.    On the Trustee's sale of the Bellevue Residence, the proceeds of sale subject to the non-avoidable portions of the IRS Liens should be disbursed pursuant to 11 U.S.C. § 724(b).*

19

1        **Response:** The United States ADMITS the allegations in paragraph 48 with the

2        proviso that the entire Bellevue Residence is subject to the IRS liens described in

3        paragraph 16.

4        **XIII.**    ***RELIEF REQUESTED***

5        *WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:*

6        *1.*     *Determining that the Bellevue Residence is an asset of the estate under 11 U.S.C.*

7 *§§ 541(a)(1), (3), and (4).*

8        *2.*     *Determining that to the extent the Washington Homestead Act, as amended,*

9 *including but not limited to RCW 6.13.070(2), as amended, would prevent the Bellevue Residence from*

10 *being an asset of the estate so that the Trustee could avoid, recover, and preserve the IRS Liens for non-*

11 *pecuniary penalties and interest on penalties for the benefit of the estate and its creditors, it violates the*

12 *Supremacy Clause of the United States Constitution, Article VI, paragraph 2, and is void and*

13 *unenforceable to that extent.*

14        **Response:** The United States DENIES the allegations in paragraph 2 of the Relief

15        Requested section of the Complaint for the reasons set forth in response to

16        paragraph 36.

17        *3*     *Determining that to the extent the Washington Homestead Act, as amended,*

18 *including but not limited to RCW 6.13.070(2), as amended, would prevent the Bellevue Residence from*

19 *being an asset of the estate so that the Trustee could avoid, recover, and preserve the IRS Liens for non-*

20 *pecuniary penalties and interest on penalties for the benefit of the estate and its creditors, it violates the*

21 *Uniformity Clause of the United States Constitution, Article I, Section 8, and is void and unenforceable*

22 *to that extent.*

23        **Response:** The United States DENIES the allegations in paragraph 3 of the Relief

24        Requested section of the Complaint for the reasons set forth in response to

25        paragraph 38.

26        *4.*     *Determining the extent, validity and priority of liens against the Bellevue*

27 *Residence.*

28        **Response:** The United States ADMITS the allegations in paragraph 4 of the

Relief Requested section of the Complaint.

5. *Avoiding the IRS Liens for non-pecuniary tax penalties and interest on penalties under 11 U.S.C. § 724(a) and allowing the Plaintiff to recover the avoided liens or their value from the IRS for the benefit of the estate and its creditors pursuant to 11 U.S.C. §§ 550 and 541(a)(3).*

  **Response:** The United States DENIES the allegations in paragraph 5 of the Relief Requested section of the Complaint for the reasons set forth in response to paragraphs 42 and 43.

6. *Avoiding the IRS Liens for non-pecuniary tax penalties and interest on penalties under 11 U.S.C.§ 724(a) and automatically preserving the avoided liens pursuant to 11 U.S.C. §§ 551 and 541(a)(4).*

  **Response:** The United States DENIES the allegations in paragraph 6 of the Relief Requested section of the Complaint for the reasons set forth in response to paragraphs 45 and 46.

7. *Ordering that on sale of the Bellevue Residence, disbursement of proceeds attributable to the IRS Liens, other than those proceeds from liens avoided under 11 U.S.C. § 724(a) and recovered and preserved under 11 U.S.C. §§ 550 and 551, shall be made pursuant to 11 U.S.C. §724(b).*

  **Response:** The United States ADMITS the allegations in paragraph 7 of the Request for Relief section of the Complaint with the proviso that the Trustee is not entitled to avoid IRS penalties and interest on penalties pursuant to 11 U.S.C. § 724(a) for the reasons set forth in response to paragraph 30.

//
//
//
//
//
//
//

Dated: April 25, 2022,                                    Respectfully submitted,

                                                          DAVID A. HUBBERT
                                                          Deputy Assistant Attorney General

                                                          */s/ Isaac M. Hoenig*
                                                          ISAAC M. HOENIG, New York Bar
                                                          Trial Attorney, Tax Division
                                                          U. S. Department of Justice
                                                          P.O. Box 683, Ben Franklin Station
                                                          Washington, D.C. 20044
                                                          Telephone: (202) 307-5963
                                                          Fax: (202) 307-0054
                                                          E-mail: Isaac.M.Hoenig@usdoj.gov
                                                          *Attorney for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all parties that have appeared in this case.

/s/ Isaac M. Hoenig
ISAAC M. HOENIG
Trial Attorney
United States Department of Justice, Tax Division